Donna BUSHONG and Gary Bushong, Parents of Jonathan Bushong, Appellants (Plaintiffs),

v.

David WILLIAMSON, Appellee (Defendant).

No. 54S01–0205–CV–267.

Supreme Court of Indiana.

June 27, 2003.

James E. Ayers, Wernle, Ristine & Ayers, Crawfordsville, IN, Attorney for Appellants.

Shannon L. Robinson, Kelley, Belcher & Brown, Bloomington, IN, Attorney for Appellee.

CIVIL TRANSFER

RUCKER, Justice.

This case presents the question of whether in a tort action against a public employee, a trial court may examine evidence outside of the complaint to determine whether the employee was acting within the scope of employment. We hold that it may.

### Facts and Procedural History

David Williamson is a teacher for the South Montgomery School Corporation. Jonathan Bushong was a student in Williamson's fifth grade physical education class. On March 20, 1998, while playing kickball with the class, Williamson tagged Jonathan out. In response, Jonathan kicked Williamson in the buttocks. After being admonished not to do so again, Jonathan attempted to kick Williamson a second time. At that point, Williamson caught Jonathan's ankle in mid-air, lifted Jonathan from the ground, and struck him on the back, legs, and buttocks with his hand. Jonathan sustained bruises as a result.

On August 4, 1998, Jonathan's parents, Gary and Donna Bushong ("the Bushongs"), filed on Jonathan's behalf a tort claims notice with the South Montgomery School Corporation and the Indiana Political Subdivision Risk Management Commission. See Ind.Code § 34–13–3–8. The Bushongs did not pursue a claim against the school. However, on March 16, 2000, the Bushongs filed a complaint against Williamson personally seeking damages for the loss of their son's consortium, love, and companionship. After conducting discovery, Williamson filed a motion for summary judgment. The trial court granted the motion concluding: (i) the Bushongs' pleadings and discovery responses showed that Williamson's actions were done within the scope of his employment; and (ii) the Bushongs failed to give Williamson notice as required by the Indiana Tort Claims Act. On review, a divided panel of the Court of Appeals reversed the judgment of the trial court and remanded the cause for further proceedings. In so doing, the majority determined: (1) under the Tort Claims Act as amended in 1995, the trial court was precluded from considering documents outside of the complaint in determining whether the defendant's acts occurred within the scope of employment; and (2) a genuine issue of material fact existed as to whether Williamson's act occurred in the scope of employment. Bushong v. Williamson, 760 N.E.2d 1090, 1095, 1097 (Ind.Ct.App.2001). The Court of Appeals also determined that the trial court erred in determining that the Bushongs were required to give Williamson notice under the Indiana Tort Claims Act. Id. at 1098. We previously granted transfer thereby vacating the Court of Appeals' opinion. Bushong v. Williamson, 774 N.E.2d 514 (Ind.2002).

### Discussion

■ Prior to a 1995 amendment to Indiana's Tort Claims Act ("ITCA"), a plaintiff was permitted to sue a governmental employee in tort for acts committed within the scope of the employee's employment. See I.C. § 34–4–16.5–5 (repealed 1995). The plaintiff could sue either the employer or the employee, and the "notice requirement of the Tort Claims Act applie[d] not only to political subdivisions, but also employees of political subdivisions as well." VanValkenburg v. Warner, 602 N.E.2d 1046, 1048 (Ind.Ct.App. 1992) (citing Poole v. Clase, 476 N.E.2d 828 (Ind.1985)), trans. denied. However, where the plaintiff elected to sue only the governmental employee, notice was required under the ITCA "only if the act or omission causing the plaintiff's loss is within the scope of defendant's employment." Id. at 1049. The notice requirement was based on provisions in the ITCA requiring the government entity to defend an employee sued within the scope of employment, even if the government entity was not named as a defendant and regardless of whether the employee could be held personally liable for the loss. Poole, 476 N.E.2d at 830–31 (citing provisions of the statute currently codified at I.C. § 34–13–

3–5(d), (e)). Although it appears that the notice provision still remains intact, amendments to the ITCA, effective July 1, 1995, limit when a plaintiff may sue a governmental employee personally. At the time this incident occurred, Indiana Code section 34–13–3–5(a)[1] in pertinent part provided: "[a] lawsuit alleging that an employee acted within the scope of the employee's employment must be *exclusive to the complaint* and bars an action by the claimant against the employee personally."[2] Indiana Code section 34–13–3–5(b)[3] provided:

> A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
>
> (1) criminal;
>
> (2) clearly outside the scope of the employee's employment;
>
> (3) malicious;
>
> (4) willful and wanton; or
>
> (5) calculated to benefit the employee personally.
>
> The complaint must contain a reasonable factual basis supporting the allegations.

I.C. § 34–13–3–5(b) (current version at I.C. § 34–13–3–5(c)).

In this case, the Court of Appeals majority held that the language of the pre–2001 revision of section 5(a) meant that a plaintiff may not now sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of employment. *Bushong,* 760 N.E.2d at 1095. We agree. The statute seems fairly explicit on this point. However, we disagree with our colleagues that the portion of section 5(a) that says the scope of employment allegation must be "exclusive to the complaint," means that the trial court is confined to looking only to the face of the complaint in determining whether the defendant's acts occurred in the scope of employment. *Id.*

When interpreting a statute, the express language of the statute controls the interpretation and the rules of statutory construction apply. This Court is required to determine, give effect to, and implement the legislative intent underlying the statute and to construe the statute in such a way as to prevent absurdity and hardship and to favor public convenience. *Livingston v. Fast Cash USA, Inc.,* 753 N.E.2d 572, 575 (Ind.2001). In so doing, we should consider the objects and purposes of the statute as well as the effects and repercussions of such an interpretation. *Id.* The legislative intent as ascertained from the provision as a whole prevails over the strict literal meaning of any word or term. *Shell Oil Co. v. Meyer,* 705 N.E.2d 962, 970 (Ind.1998).

---

**1.** Amended by P.L. 192–2001, § 2.

**2.** The full text of the statute read:

A judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement. A lawsuit alleging that an employee acted within the scope of the employee's employment must be exclusive to the complaint and bars an action by the claimant against the employee personally. However, if the governmental entity answers that the employee acted outside the scope of the employee's employment, the plaintiff may amend the complaint and sue the employee personally. An amendment to the complaint by the plaintiff under this subsection must be filed not later than one hundred eighty (180) days from the date the answer was filed and may be filed notwithstanding the fact that the statute of limitations has run.

I.C. § 34–13–3–5(a) (current version at I.C. § 34–13–3–5(b)).

**3.** Amended by P.L. 192–2001, § 2.

■ The ITCA, Indiana Code section 34–13–3–1 et seq., governs lawsuits against political subdivisions and their employees. Among other things the statute provides substantial immunity for conduct within the scope of the employee's employment. *See* I.C. § 34–13–3–3 (setting forth twenty-two separate categories for which immunity attaches). Immunity assumes negligence but denies liability. *Catt v. Bd. of Comm'rs of Knox County,* 779 N.E.2d 1, 5 (Ind.2002). " 'The purpose of immunity is to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment.' " *Celebration Fireworks, Inc. v. Smith,* 727 N.E.2d 450, 452 (Ind.2000) (quoting *Ind. Dep't of Corr. v. Stagg,* 556 N.E.2d 1338, 1343 (Ind.Ct. App.1990), *trans. denied* ).

■ It is true that the 1995 amendment barring lawsuits against government employees personally was not included as a part of the specific immunity provision of Indiana Code section 34–13–3–3. However, the effect of the amendment produces the same result. That is to say, the amendment allows government employees acting in the scope of their employment the freedom to carry out their duties without the fear of litigation. It does not appear to us that the Legislature intended to alter this result by its use of the phrase "exclusive to the complaint." In our view the Legislature merely intended that *if* a plaintiff *alleges* that an employee acted within the scope of employment then those allegations must appear on the face of the complaint. This provides an immediate

and early indication that the employee is not personally liable. In the paraphrased words of the statute, the action against the employee is "bar[red]." *See* I.C. § 34–13–3–5(a) (current version at I.C. § 34–13–3–5(b)). However, the statute is simply silent and does not speak to what happens when no "scope of employment" allegation is made in the complaint. In that event, the government employee is in the same position as any other defendant in a lawsuit where an allegation is made that the defendant's tortious or negligent conduct caused the plaintiff's injury. The difference is that a government employee defendant has a complete defense: the action occurred within the scope of employment. If post-complaint discovery supports this claim, then it is appropriate that the defendant file a motion for summary judgment.[4]

Because Williamson is employed by a political subdivision he is a government employee.[5] The trial court granted Williamson's motion for summary judgment on grounds that the Indiana Trial Rule 56 materials demonstrated, among other things, that Williamson's conduct giving rise to the Bushongs' complaint occurred within the scope of employment. We will address this issue in more detail below. We pause here to address a claim made by the Bushongs. They insist that the trial court erred in granting summary judgment because their complaint specifically alleged that Williamson committed battery on Jonathan, which was a criminal act. Thus, according to the Bushongs, Williamson *ipso facto* was acting outside the scope of his employment.

■ It is correct to say that a government employee may be sued personally

---

4. On the other hand, if the complaint alleges that a government employee acted within the scope of employment, then a motion to dismiss under Trial Rule 12(B)(6) would be the appropriate course of action.

5. *See* I.C. § 34–6–2–110 (providing in pertinent part, "[p]olitical subdivision, for purposes of I.C. § 34–13–3, means a ... (9) school corporation").

where the complaint alleges the act or omission causing the loss is criminal. *See* I.C. § 34–13–3–5(c)(1). However the fact of criminal conduct standing alone is not dispositive of whether the employee was acting outside the scope of employment. We have recently explained, "conduct ... of the same general nature as that authorized, or incidental to the conduct authorized," is within the employee's scope of employment. *Celebration Fireworks,* 727 N.E.2d at 453 (quoting Restatement (Second) of Agency § 229 (1958)). An act is incidental to authorized conduct when it "is subordinate to or pertinent to an act which the servant is employed to perform," *id.* (quoting Restatement (Second) of Agency § 229 cmt. b (1958)), or when it is done "to an appreciable extent, to further his employer's business." *Id.* (quoting *Kemezy v. Peters,* 622 N.E.2d 1296, 1298 (Ind.1993)). Even criminal acts may be considered as being within the scope of employment if "the criminal acts originated in activities so closely associated with the employment relationship as to fall within its scope." *Stropes v. Heritage House Childrens Ctr. of Shelbyville, Inc.,* 547 N.E.2d 244, 247 (Ind.1989). Generally, whether the tortious act of an employee is within the scope of employment is a question of fact. However, under certain circumstances the question may be determined as a matter of law. *Kemezy,* 622 N.E.2d at 1298. In this case, the trial court determined that the discovery materials conclusively demonstrated that Williamson was acting in the scope of employment as a matter of law. The trial court was correct in examining the Trial Rule 56 materials to make this determination. We also conclude the trial court was correct in granting summary judgment in Williamson's favor.

 Our standard of review for summary judgment is that used in the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Tom–Wat, Inc. v. Fink,* 741 N.E.2d 343, 346 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Tom–Wat,* 741 N.E.2d at 346. Also, review of a summary judgment motion is limited to those materials designated to the trial court. *Mangold v. Ind. Dep't of Natural Res.,* 756 N.E.2d 970, 973 (Ind. 2001).

To support his motion for summary judgment, Williamson relied in pertinent part on the Bushongs' complaint; his own affidavit, which included the Bushongs' Notice of Tort Claims; and the Bushongs' answers to interrogatories. The relevant portion of the Bushongs' complaint recounted the events giving rise to the lawsuit and alleged that Williamson's conduct was criminal. Although the allegations of the complaint shed little light on whether Williamson was acting in the scope of employment, the additional materials are more instructive. The Bushongs' Notice of Tort Claims alleged in relevant part that Williamson's acts "were done within the scope of Williamson's employment with the South Montgomery School Corporation." App. of Appellee at 15. In similar fashion, relevant portions of the Bushongs' answers to interrogatories said "Mr. Williamson[ ] ... inflicted bodily injury as an employee of a school corporation, while engaged in his official duty on school property ...." *Id.* at 58. In opposition to Williamson's motion for summary judgment, the Bushongs tendered their own affidavits along with other evidentiary materials. However, other than insisting that Williamson's conduct was criminal, a point that is not dispositive, none of the materials raised a genuine issue of material fact as to whether Williamson was acting in the

scope of employment when he struck Jonathan. In essence the Bushongs conceded this point in their Notice of Tort Claims and supplemented this concession by their interrogatory answers.

 "The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law." *Kottlowski v. Bridgestone/Firestone,* 670 N.E.2d 78, 82 (Ind.Ct.App. 1996), *trans. denied.* Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. *Stephenson v. Ledbetter,* 596 N.E.2d 1369, 1371 (Ind.1992). A factual issue is material for the purposes of Trial Rule 56(C) if it bears on the ultimate resolution of a relevant issue. *Blackwell v. Dykes Funeral Homes, Inc.,* 771 N.E.2d 692, 695 (Ind.Ct. App.2002), *trans. denied.* A factual issue is genuine if it is not capable of being conclusively foreclosed by reference to undisputed facts. *Id.* As a result, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the claim. *Id.* If the opposing party fails to meet its responsive burden, the court shall render summary judgment. *Krueger v. Hogan,* 780 N.E.2d 1199, 1201 (Ind.Ct.App.2003).

 In this case Williamson carried his initial burden of demonstrating that he was acting within the scope of employment, a fact that is dispositive of the Bushongs' claim for relief. Because the Bushongs failed to designate evidentiary materials showing a factual dispute on this dispositive issue, the trial court properly granted summary judgment in Williamson's favor.

### Conclusion

The 1995 amendment to the Tort Claims Act, barring lawsuits against government employees personally, does not preclude the trial court from examining evidence outside of the complaint to determine whether the employee was acting within the scope of employment. Thus, the trial court in this case properly examined the parties' submissions in support of and in opposition to a motion for summary judgment to determine this point. Because there is no genuine issue of material fact concerning whether Williamson's complained-of conduct was committed within the scope of employment, summary judgment in his favor was correct. Accordingly, we affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.