**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 15 2012, 8:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEPHEN B. CAPLIN**
Caplin Sniderman P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEES:

**KARL L. MULVANEY**
**NANAQUAY-SMITH**
**MARY H. WATTS**
**Bingham Greenebaum Doll LLP**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRACY LYNN WESTON, as Personal Representative of the Estate of CLINTON DALE WESTON, Deceased, | ) ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No. 21A01-1112-PL-583 |
| SCOTT D. LONGEVIN, M.D., and PREFERRED EMERGENCY SPECIALISTS, INC., | ) ) ) ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE FAYETTE CIRCUIT COURT
The Honorable Beth Ann Butsch, Judge
Cause No. 21C01-0904-PL-108

**August 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

After the death of Clinton Weston, Tracy Weston, acting as personal representative of the Estate of Clinton Dale Weston, brought a medical malpractice action against Scott Longevin, M.D., Preferred Emergency Specialists, Inc.,[1] and Fayette Memorial Hospital.[2] After the medical review panel issued its opinion, Dr. Longevin and Preferred (collectively, the "Defendants") moved for summary judgment, and the trial court granted their motion. Thereafter the trial court denied Weston's motion to correct error. Weston now appeals, raising three arguments, one of which we find dispositive: whether the designated evidence raises a genuine issue of material fact such that summary judgment is improper. Concluding the Defendants failed to meet their burden of establishing that no genuine issue of material fact exists and they are entitled to summary judgment as a matter of law, we reverse and remand.

## Facts and Procedural History

Pursuant to the Indiana Medical Malpractice Act, Weston's complaint was presented to a medical review panel. See Ind. Code § 34-18-8-4. The panel rendered a unanimous expert opinion as to Dr. Longevin "that there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury." Appellant's Appendix at 92.

---

[1] Weston contends Preferred Emergency Specialists, Inc., employs Dr. Longevin and is therefore vicariously liable for his negligent treatment of Clinton Weston.

[2] The medical review panel unanimously concluded "the evidence supports the conclusion that Defendant, Fayette Memorial Hospital, failed to meet the applicable standard of care as charged in the Complaint, but that such conduct was not a factor in the damages claimed." Thereafter, Fayette Memorial Hospital was dismissed from the case.

2

Weston then filed a complaint with the trial court, asserting a wrongful death cause of action. The Defendants filed a motion for summary judgment and, eventually, a request for a hearing on their motion for summary judgment. On November 22, 2010, Weston filed a motion for extension of time to respond to the Defendants' motion for summary judgment and to continue the scheduled hearing on the motion for summary judgment, which the trial court granted. Thereafter, the Defendants filed a supplemental designation of evidence in support of their motion for summary judgment, which included affidavits of Drs. Mark Reiger, Ed Stone, and Julie Miramonti, all of whom served on the medical review panel in this case. The affidavits of Drs. Reiger and Miramonti both state:

> 4. As a member of the Medical Review Panel, I had access to and reviewed the submissions and all attached medical records and other exhibits of all parties regarding Clinton Dale Weston. I rendered the opinion . . . which found a question of fact with regard to Dr. Longevin. The question of fact was whether Dr. Longevin ordered Dopamine wide open for the duration of treatment at Fayette Memorial Hospital and when he was notified of a drop in Oxygen saturations by the nursing staff.
> 5. It is my opinion that regardless of the Dopamine order and the timing of notification of a drop in Oxygen saturation, <u>it is more probable than not that neither of these issues changed the outcome</u>, which was that Mr. Weston's death was caused by overwhelming sepsis.
> 6. Dr. Longevin met the standard of care with regard to the other issues alleged by Plaintiff. Even if Dr. Longevin had been aware that Mr. Weston did not have a spleen, antibiotics would not be given upon presentation to the emergency department. Dr. Longevin's workup and treatment of Mr. Weston were appropriate, and Dr. Longevin appropriately addressed Mr. Weston's change in condition.

Id. at 106-07, 126-27 (emphasis added). Dr. Stone's affidavit, which is very similar, states:

> 4. As a member of the Medical Review Panel, I had access to and reviewed the submissions and all attached medical records and other exhibits of all parties regarding Clinton Dale Weston. I rendered the opinion . . . which found a question of fact with regard to Dr. Longevin. The question of fact was

3

whether Dr. Longevin ordered Dopamine wide open for the duration of treatment at Fayette Memorial Hospital and at what time he was notified of a drop in oxygen saturations by the nursing staff.

5. It is my opinion that regardless of the Dopamine order and the timing of notification of a drop in O2 sats [sic], that neither one of these issues were a cause of Mr. Weston's death from overwhelming sepsis.

6. Dr. Longevin met the standard of care with regard to the other issues alleged by Plaintiff; specifically . . . Mr. Weston presented with classic signs and symptoms of narcotic withdrawal. He did not have evidence of an infection upon presentation and the work up ordered by Dr. Longevin was appropriate. Even if Dr. Longevin had been aware that Mr. Weston did not have a spleen, antibiotics would not be given in this situation in the absence of evidence of an infectious process.

Id. at 117.

On January 4, 2011, Weston filed her second motion for extension of time, which the trial court also granted. Then, on January 11, 2011, Weston filed an unopposed third motion for extension of time to respond to the Defendants' motion for summary judgment, stating "[c]ounsel for Preferred has requested to take the deposition of Dr. Brunett," "[c]ounsel for the parties have mutually agreed for a 15-day extension after Dr. Brunett's deposition for the Plaintiff to file her response to Preferred's SJ Motion," and "[t]he undersigned will inform the Court immediately when the deposition of Dr. Brunett's deposition has been set." Id. at 148. The trial court granted Weston's third motion for extension of time and stated in its order, "[t]he Court hereby enlarges the time for the Plaintiff to file her Response to Preferred's SJ Motion, to and including 15 days after the deposition of Expert Witness, Jeffrey L. Brunett, M.D." Id. at 150.

On May 23, 2011, Dr. Brunett was deposed. On June 21, 2011, Weston filed her response to the Defendants' motion for summary judgment and designated as evidence an

4

affidavit of Dr. Brunett. The affidavit states Dr. Longevin failed to meet the standard of care by failing to "visualize the patient's abdomen" and failing to obtain an appropriate medical history of Clinton Weston. Id. at 170-72. He concludes, "[i]t is my opinion that Dr. Longevin breached that standard of care in his care of Mr. Weston on March 9, 2010, that his substandard care delayed the treatment of Mr. Weston's infection, and that his substandard care was a cause of Mr. Weston's death." Id. at 172.

On July 19, 2011, the Defendants moved to strike Weston's response as untimely. In its August 2, 2011, order, the trial court granted the Defendants' motion to strike Weston's response, and concluded "there is no just reason for the delay in the entry of final judgment and Defendants, Scott D. Longevin, M.D. and Preferred Emergency Specialists, Inc., are hereby granted summary judgment on all issues in this matter." Id. at 11. Weston then moved for an extension of time to respond to the Defendants' motion to strike, which the trial court deemed moot and denied. The chronological case summary reveals the trial court considered Weston's response to the Defendants' motion for summary judgment due on June 7, 2011, making her response filed on June 21, 2011 untimely.

Weston then moved to correct error, contending the trial court erred 1) "when it ruled on the Defendants' Motion for Summary Judgment without holding a hearing as required by Indiana Trial Rule 56(C)" and 2) "when it allowed the Defendants to untimely supplement their Designation of Evidence." Id. at 186. After a hearing on Weston's motion to correct error, the trial court denied her motion. Weston now appeals.

5

## Discussion and Decision

### I. Standard of Review

On appeal, we apply the same standard of review as the trial court: "summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party." Sheehan Const. Co., Inc. v. Cont'l Cas. Co., 938 N.E.2d 685, 688 (Ind. 2010) (citations omitted). The moving parties have the burden of establishing that no genuine issue of material fact exists. Cole v. Gohmann, 727 N.E.2d 1111, 1113 (Ind. Ct. App. 2000). "Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist." Id. (citation omitted). At the summary judgment stage, it is not the role of the court to weigh evidence or judge the credibility of witnesses. Dickerson v. Strand, 904 N.E.2d 711, 715 (Ind. Ct. App. 2009). Where evidence conflicts, or undisputed facts lead to conflicting inferences, summary judgment is inappropriate even if it appears the non-movant will not succeed at trial. Id.

### II. Weston's Response to the Defendants' Motion for Summary Judgment

Weston argues her response was timely filed. The trial court's order granting Weston's third motion for extension of time stated her response was due "to and including 15 days after the deposition" of Dr. Brunett. Appellant's App. at 150. Weston does not dispute that Dr. Brunett's deposition occurred on May 23, 2011, nor does she dispute that she filed her response on June 21, 2011, which is well beyond fifteen days after the deposition of Dr.

6

Brunett. Trial Rule 56(C) provides that parties opposing a motion for summary judgment have thirty days "after service of the motion to serve a response and any opposing affidavits." Rule 56(C) also requires the non-moving party to designate the evidence it will rely on in establishing a genuine issue of material fact within the same timeline. Rule 56(I) provides a trial court "may alter any time limit set forth in this rule upon motion made within the applicable time limit." However, "a trial court may not consider untimely filed materials opposing summary judgment." HomEq Servicing Corp. v. Baker, 883 N.E.2d 95, 96 (Ind. 2008).

Weston attempts to argue that either her response was not late or the trial court's order establishing her response's due date was improper because it created a "moving target" and set a due date "that might never occur." Brief of Appellant at 19.[3] As to whether her response was late, we disagree with Weston. The trial court ordered her response filed no later than fifteen days after the deposition of Dr. Brunett, and she filed her response almost thirty days after Dr. Brunett's deposition. As to her claim that the trial court's order was somehow improper because it ordered her response due within a specific time period after a deposition that was yet to be scheduled, rather than ordering it due on a specific date, Weston points to no legal authority supporting the proposition that such an order is improper, nor do we find any. See Ind. Appellate Rule 46(A)(8)(a) ("Each contention [in an appellant's brief on appeal] must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . .").

---

[3] Although Weston's brief is actually titled Brief of Appellant on Appeal From Summary Judgment and Overruling Motion to Correct Errors, we will refer to it as Brief of Appellant for the sake of simplicity.

Further, even if the trial court's order was somehow in error for setting a "moving target" date, Weston invited such error in her third motion for extension of time by requesting "an enlargement to and including 15 days after the deposition of Plaintiff's Expert, Jeffrey L. Brunett, M.D., to file her Response to Preferred's SJ Motion." Appellant's App. at 148; see Beeching v. Levee, 764 N.E.2d 669, 674 (Ind. Ct. App. 2002) ("A party cannot invite error and then request relief on appeal based upon that ground.").

Weston also contends that striking her response would be elevating form over substance and allowing a "technicality" to rule the day. While we acknowledge and applaud Weston for delivering the affidavit of Dr. Brunett to the Defendants earlier than required and for agreeing to move for an extension of time so that the defendants would be able to depose Dr. Brunett, that is not an excuse for having filed her response late. Rather, it solidifies the fact that Weston was well aware of the due date for her response and had ample time to file it. Further, our supreme court has concluded that trial courts do not have the discretion to allow untimely filings in summary judgment proceedings. HomEq, 883 N.E.2d at 96. Thus, the trial court did not err by granting the Defendants' motion to strike Weston's response.

IV. Genuine Issue of Material Fact

Weston next argues genuine issues of material fact exist, rendering summary judgment inappropriate. She contends the designated evidence, specifically the medical review panel's opinion and Dr. Brunett's affidavit, create genuine issues of material fact concerning whether Dr. Longevin committed medical malpractice in his care of Clinton Weston. Initially, we note that when reviewing whether summary judgment is appropriate, we consider only

8

evidence that was properly designated to the trial court. <u>Dinsmore v. Fleetwood Home of Tennessee, Inc.</u>, 906 N.E.2d 186, 190 (Ind. Ct. App. 2009). Thus, we will not consider the evidence Weston attempted to designate with her response because such filing was untimely and was stricken by the trial court. In other words, the affidavit of Dr. Brunett is not part of our consideration on appeal. The opinion of the medical review panel and affidavits of each panel member, however, were properly designated by the Defendants.

The elements of a medical malpractice claim are: "(1) the physician owed a duty to the plaintiff; (2) the physician breached the duty; and (3) the breach proximately caused the plaintiff's injuries." <u>Martinez v. Park</u>, 959 N.E.2d 259, 268 (Ind. Ct. App. 2011) (citation omitted). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The moving party bears the initial burden of showing no genuine issue of material fact exists and summary judgment is appropriate as a matter of law, and only after the movant has met this burden does the burden shift to the non-moving party to establish that a genuine issue of material fact does in fact exist.[4] <u>Clarian Health Partners, Inc. v. Wagler</u>, 925 N.E.2d 388, 392 (Ind. Ct. App. 2010), <u>trans. denied</u>. In assessing whether the first or second burdens have been met, we review the designated evidence and any inferences therefrom in the light most favorable to the non-moving party. <u>Cortez v. Jo-Ann Stores, Inc.</u>, 827 N.E.2d 1223, 1230 (Ind. Ct. App. 2005).

---

[4] Despite Weston having not properly designated any evidence, Trial Rule 56(C) provides "[s]ummary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the evidentiary matter designated to the court."

Reviewing the evidence in a light most favorable to the non-moving party, we conclude the Defendants failed to meet their burden as the party moving for summary judgment. "A factual issue is genuine if it is not capable of being conclusively foreclosed by reference to undisputed facts." Bushong v. Williamson, 790 N.E.2d 467, 473 (Ind. Ct. App. 2003). The evidence designated to the court, the medical review panel's opinion and the affidavits of each panel member, does not establish the absence of a genuine issue of material fact. Rather, the evidence demonstrates a genuine issue of material fact.

The medical review panel opinion as to Dr. Longevin concluded that there is a material issue of fact "bearing on liability for consideration by the court or jury." Appellant's App. at 92. In sworn affidavits given after the panel convened, two of the panel members stated "it is more probable than not that neither of [the alleged negligent acts of Dr. Longevin] changed the outcome, which was that Mr. Weston's death was caused by overwhelming sepsis," id. at 107, 127, and the other panel member stated the alleged negligent treatment performed by Dr. Longevin was not a cause of Weston's death, but rather, his death was caused by sepsis.

The panel concluded a genuine issue of fact existed concerning Dr. Longevin's liability. While one panel member's affidavit conclusively stated Clinton Weston's death was not caused by Dr. Longevin even if he performed below the standard of care, the other two panel members' affidavits are not conclusive. They assert it is "more probable than not" that if Dr. Longevin performed below the standard of care, it would not change the fact that Clinton Weston's death was caused by sepsis. As our supreme court has previously stated,

10

"[i]f there is any doubt as to what conclusion a jury could reach, then summary judgment is improper." Owens Corning Fiberglass Corp. v. Cobb, 754 N.E.2d 905, 909 (Ind. 2001). Evidence establishing it is more probable than not that the purported negligence of Dr. Longevin did not cause Clinton Weston's death does not eliminate all doubts as to what conclusion a jury could reach regarding the cause of Clinton Weston's death. Therefore, the Defendants are not entitled to judgment as a matter of law at this stage because a genuine issue of material fact remains.

## V. Summary Judgment Hearing

Weston also contends summary judgment was improper pursuant to Trial Rule 56(C) because the Defendants properly requested a hearing on their motion for summary judgment and the trial court made its determination without holding the hearing. Since we conclude a genuine issue of material fact remains and we are remanding to the trial court for further proceedings, this argument is unlikely to have any impact even if Weston is correct. Nevertheless, we pause to consider the issue.

Trial Rule 56(C) states a trial court "may conduct a hearing" on a summary judgment motion, but "upon motion of any party made no later than ten (10) days after the response was filed or was due, the court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response." Here, the Defendants requested a hearing on the same day they filed their summary judgment motion. After a series of continuances and Weston's failure to timely file her response to the Defendants' motion for

summary judgment, the trial court concluded "there is no just reason for delay in the entry of final judgment" and granted the Defendants' motion for summary judgment.

Notwithstanding Trial Rule 56(C), we conclude the party who moved for the summary judgment hearing is the party who can enforce the hearing, and here the movant is not requesting that such a hearing be enforced. Additionally, we note that evidence presented at a summary judgment hearing is supplemental to what has already been designated, and since Weston had not designated any evidence, she would have been unable to supplement such non-designated evidence had the trial court conducted a summary judgment hearing.

## Conclusion

For the trial court to strike Weston's response to the Defendants' motion for summary judgment and Weston's accompanying designation of evidence was proper, but because the Defendants failed to meet their burden of establishing there are no genuine issues of material fact, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J., and MATHIAS, J., concur.