**FOR PUBLICATION**



ATTORNEYS FOR APPELLANT:

**AMY R. WHEATLEY**
**NICHOLAS F. STEIN**
Law Office of Nicholas F. Stein
New Albany, Indiana

ATTORNEYS FOR APPELLEES:

**BRYAN J. DILLON**
**F. LARKIN FORE**
**SARAH M. FORE**
Fore Miller & Schwartz
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRITTNEY L. ROMERO, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 72A05-1308-CT-471 |
| | ) | |
| TEDDY BRADY and | ) | |
| ADVANTAGE TANK LINES, LLC, | ) | |
| | ) | |
| Appellees-Defendants, | ) | |

APPEAL FROM THE SCOTT CIRCUIT COURT
The Honorable Roger L. Duvall, Judge
Cause No. 72C01-1104-CT-5

**March 13, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Brittney Romero appeals the grant of summary judgment in favor of Teddy Brady and Advantage Tank Lines, LLC., ("Advantage") (collectively, "the Appellees"). We reverse.

## Issue

Romero raises one issue, which we restate as whether the trial court properly granted summary judgment in favor of the Appellees.

## Facts

On October 21, 2010, Romero was driving her car southbound on I-65 in Scott County. Romero was traveling in the left lane, and Brady, who is employed by Advantage, was driving a tractor-trailer in the right lane behind Jonathan Stigler, who was driving a box truck. After Romero passed Brady, Stigler swerved into the left lane, causing Romero to drive off the left shoulder, lose control of her car, and drive perpendicularly into the right lane, in front of Brady's truck. Brady's truck collided with Romero's car, and she suffered extensive injuries as a result of the collision.

Romero filed an amended complaint alleging that Stigler, Brady, and Advantage were negligent. Romero settled with Stigler, and she dismissed her claim against him. The Appellees filed a motion for summary judgment, arguing that Brady did not owe Romero a duty to maintain a certain distance behind Stigler's truck. The Appellees also argued that, even if Brady was following Stigler's truck too closely, "there is no dispute that Brady had no part in causing Romero's vehicle to leave the roadway or to travel into his lane of travel." Id. at 58. Romero responded by arguing that Brady owed her a duty

2

of reasonable care. The trial court granted the Appellees' motion for summary judgment because Brady did not owe Romero a duty, Brady did not violate any duty owed to Romero, and "[t]he link in causation is simply missing as between Brady's following distance to Stigler and the impact of Brady's vehicle with Romero when her vehicle entered his lane of travel." Id. at 31. Romero now appeals.

**Analysis**

Romero argues that the trial court erred in granting of summary judgment in favor of the Appellees. "We review an appeal of a trial court's ruling on a motion for summary judgment using the same standard applicable to the trial court." Perdue v. Gargano, 964 N.E.2d 825, 831 (Ind. 2012). "Therefore, summary judgment is appropriate only if the designated evidence reveals 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Ind. Trial Rule 56(C)). Our review of summary judgment is limited to evidence designated to the trial court. Id. (citing T.R. 56(H)). All facts and reasonable inferences drawn from the evidence designated by the parties is construed in a light most favorable to the non-moving party, and we do not defer to the trial court's legal determinations. Id.

"'The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law.'" Bushong v. Williamson, 790 N.E.2d 467, 474 (Ind. 2003) (citation omitted). Once the moving party has sustained its burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the opposing party must designate specific facts establishing a genuine issue for trial. Id. A factual issue is material for the

purposes of Trial Rule 56(C) if it bears on the ultimate resolution of a relevant issue, and a factual issue is genuine if it is not capable of being conclusively foreclosed by reference to undisputed facts. Id. "As a result, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the claim." Id. "If the opposing party fails to meet its responsive burden, the court shall render summary judgment." Id.

The tort of negligence has three elements: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach. Rhodes v. Wright, 805 N.E.2d 382, 385 (Ind. 2004). "Summary judgment is therefore appropriate when the undisputed material evidence negates one element of a claim." Id.

Romero's theory of liability rests on the notion that Brady was traveling too closely behind Stigler. She contends that, had Brady been 400 feet or more behind Stigler, she would not have crossed Brady's path when she drove into his lane. She also argues that, by following Stigler too closely, Brady did not allow himself enough time to react and avoid the hazard.

On appeal, Romero argues that the trial court erred in concluding that Brady did not owe her a duty of care. In analyzing this issue, the parties use the three-part test set out in Webb v. Jarvis, 575 N.E.2d 992, 995 (Ind. 1991), which focuses on the relationship between the parties, the foreseeability of harm to the victim, and public policy considerations. As our supreme court has explained, however, "the three-part balancing test articulated in Webb is a useful tool in determining whether a duty exists, but only in

4

those instances where the element of duty has not already been declared or otherwise articulated." Northern Indiana Pub. Serv. Co. v. Sharp, 790 N.E.2d 462, 465 (Ind. 2003). For example, there is no need to apply Webb to determine what duty a business owner owes to its invitees or school authorities owe their students because these duties are well-established. Id.

Like the duty owed by business owners to invitees and school authorities to students, the duty owed by motorists to fellow motorists is well-established. "All operators of motor vehicles have a general duty to use ordinary care to avoid injuries to other motorists."[1] Wilkerson v. Harvey, 814 N.E.2d 686, 693 (Ind. Ct. App. 2004); see also Cole v. Gohmann, 727 N.E.2d 1111, 1115 (Ind. Ct. App. 2000) ("A motorist has a duty to use due care to avoid a collision and to maintain his automobile under reasonable control."); Allied Fid. Ins. Co. v. Lamb, 361 N.E.2d 174, 180 (Ind. Ct. App. 1977) ("This State imposes a general duty upon all operators of motor vehicles to use ordinary care to avoid injuries to other motorists."). Because it is well-established that Brady had a duty to use ordinary care to avoid injuring other motorists, including Romero, the three-part Webb analysis is unnecessary.[2] Cf. Key v. Hamilton, 963 N.E.2d 573, 584 (Ind. Ct. App. 2012) (analyzing the three factors articulated in Webb and holding that a motorist

---

[1] Both parties suggest that the drivers of automobiles owe a duty to others lawfully using the public streets and highways. See Luther v. State, 177 Ind. 619, 623, 98 N.E. 640, 641 (1912). To the extent the Appellees suggest that, because Romero was operating her car unlawfully when she drove into Brady's lane, Brady did not owe Romero a duty of care, we disagree. We believe that one's purportedly unlawful use of a public street is more appropriately analyzed in terms of breach and/or comparative fault.

[2] It is also well-settled that "a motorist must maintain a proper lookout while operating a motor vehicle as a reasonably prudent person would do in the same or similar circumstances." Cole v. Gohmann, 727 N.E.2d 1111, 1115 (Ind. Ct. App. 2000). Romero's claim does not appear to be based on Brady's failure to keep a proper lookout.

signaling on another driver owed a duty to a third-party motorist who collided with the signaled driver), trans. denied.

To the extent the Appellees frame the issue as whether Brady owed Romero a duty not to follow Stigler too closely, we believe that description of the duty owed by Brady to Romero is too narrowly drawn. As our supreme court has explained in the context of a school's duty to its students:

> An approach that focuses on rearticulating that duty based upon a given set of facts is misplaced in our view because to do so presupposes that an issue which is thought to be settled must be revisited each time a party frames the duty issue a little differently. Rather, because a school's duty to its students already has been established, the focus shifts to whether a given set of facts represents a breach of that duty.

Mangold ex rel. Mangold v. Indiana Dep't of Natural Res., 756 N.E.2d 970, 974-75 (Ind. 2001) (footnote omitted). Similarly, it is well-established that motorists have a duty to use due care to avoid collisions, and whether a motorist was following another motorist too closely goes to the issue of breach.

Although we conclude that Brady owed Romero a duty, if the Appellees established that the element of breach or causation was clearly absent, summary judgment would still be appropriate. See Pfenning v. Lineman, 947 N.E.2d 392, 403 (Ind. 2011) (observing that where there are no genuine issues of material fact and any one

of the elements of negligence is clearly absent, summary judgment is appropriate).

Romero contends that there are genuine issues of material fact regarding:[3]

> 1. Whether Teddy Brady was following Jonathan Stigler's box truck at a distance of less than 200 feet to which he testified or a distance of 40 feet as opined by expert Jay Nogan;
>
> 2. Whether Jonathan Stigler suddenly changed lanes and forced Brittney Romero off the roadway causing her to lose control of her vehicle.

Appellant's Br. p. 14. We disagree that these designated issues of fact present genuine issues of material fact for trial.

First, for the proposition that Brady was traveling forty feet behind Stigler, Romero cites the deposition testimony of her expert, Jay Nogan. Although Romero designated Nogan's report[4] in response to the Appellees' motion for summary judgment, she did not designate his deposition. In fact, in her response to the Appellee's motion for summary judgment, Romero states that "Brady was following 200 feet behind" Stigler and that Brady was following Stigler's truck "at a distance of 200 feet." App. pp. 124, 125. "No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court." Indiana Trial Rule 56(H); see also Perdue, 964 N.E.2d at 831 ("Appellate review of summary judgment is limited to

---

[3] Although Romero asserts there are "numerous genuine issues of material fact" including, but not limited to, the two she specifically identifies, we decline to search the record for other factual disputes that would preclude the entry of summary judgment. Appellant's Br. p. 14.

[4] In this report, Nogan concluded that Brady "must have been following Stigler at a distance less than 200 feet . . . ." App. p. 230.

evidence designated to the trial court.").  Because Nogan's deposition testimony was not properly designated evidence, it is not a basis for reversing the trial court's grant of summary judgment.

Second, whether Stigler suddenly changed lanes and forced Romero off the roadway are not material questions of fact because they do not bear on the ultimate resolution of a relevant issue.  See Bushong, 790 N.E.2d at 474.  Regardless of why Romero drove off the road, there is no allegation that Brady's actions caused Romero to swerve, lose control of her car, and drive into his lane.  Thus, even if Stigler did suddenly change lanes and force Romero off the roadway, Romero has failed to show how that conduct impacts Brady's potential liability.  This is not a genuine issue of material fact that precludes the entry of summary judgment.

Romero also asserts that Brady breached the duty he owed to her by failing to give himself adequate distance to stop in time to avoid colliding with her car.  "Whether a particular act or omission is a breach of duty is generally a question of fact for the jury."  Sharp, 790 N.E.2d at 466.  "It can be a question of law where the facts are undisputed and only a single inference can be drawn from those facts."  Without assessing Romero's likelihood of success at trial, we conclude that the Appellees, as the moving party, did not specifically address the issue of breach in their motion for summary judgment and have not established that only a single inference can be drawn from the facts.  The issue of breach remains a question for the trier of fact.

Further, Romero contends that Brady caused the collision that injured her.  In their motion for summary judgment, the Appellees argued that Brady following Stigler did not

8

cause the collision and that Brady's involvement in the accident was simply a matter of timing. In response Romero argued, "Because he was following Stigler's box truck too closely, Brady did not allow himself enough time to react and was unable to stop in time to avoid that hazard." App. p. 127. An act or omission is the proximate cause of an injury if the ultimate injury is one that was foreseen, or reasonably should have been foreseen, as the natural and probable consequence of the act or omission. Rhodes v. Wright, 805 N.E.2d 382, 388 (Ind. 2004). "The question of proximate cause is one usually left to the jury." Id. Whether the collision between Brady and Romero was foreseen or reasonably foreseeable as a natural consequence of Brady following Stigler at the distance he was is a question for the trier of fact. Because the Appellees have not negated one of the elements of negligence, the entry of summary judgment was not appropriate.

**Conclusion**

Because Brady owed Romero a duty of care and the questions of breach and proximate cause are not undisputed, the entry of summary judgment in favor of the Appellees was improper. We reverse.

Reversed.

ROBB, J., and BROWN, J., concur.