FILED

Jun 18 2019, 8:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Rebecca M. Eimerman
Zionsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of J.S. (Child in Need of Services) | June 18, 2019 |
| | Court of Appeals Case No. 18A-JC-2816 |
| K.S. (Mother), | Appeal from the Hamilton Circuit Court |
| *Appellant-Respondent,* | |
| v. | The Honorable Paul A. Felix, Judge |
| | The Honorable Todd L. Ruetz, Magistrate |
| The Indiana Department of Child Services, | Trial Court Cause No. 29C01-1709-JC-1220 |
| *Appellee-Petitioner.* | |

**Bailey, Judge.**

# Case Summary

[1] K.S. ("Mother") had three children ("Children"), all of whom were adjudicated Children in Need of Services ("CHINS"). Post-adjudication, during permanency proceedings, Mother unsuccessfully moved to dismiss the CHINS case concerning her eldest child, J.S. On January 4, 2019, this Court granted Mother permission to bring an interlocutory appeal to challenge the denial of that motion. She presents the sole issue of whether she is entitled to dismissal pursuant to Indiana Code Section 31-34-11-1(d), which provides for dismissal of a CHINS case if a factfinding hearing is not completed within 60 days (or 120 days with party consent) after the filing of a CHINS petition. We affirm.

# Facts and Procedural History

[2] On September 25, 2017, the Hamilton County Department of Child Services ("the DCS") filed a CHINS petition regarding Children. The DCS alleged that J.S.'s sibling had sustained physical injuries consistent with physical abuse or non-accidental trauma, specifically, rib and tibia fractures, subconjunctival hemorrhages, and bruising across the body. Children were removed from Mother's care and she was provided court-appointed counsel.

[3] On November 13, 2017, the DCS and Mother, by counsel, agreed to a setting of the factfinding hearing for January 18, 2018. Mother was appointed new counsel and, on January 17, 2018, she filed a motion to continue the factfinding hearing. Without providing specific terms, Mother informed the court that she

and the DCS had reached an agreement. She requested a non-contested factfinding hearing to be conducted thirty to forty-five days in the future. The CHINS court conducted the factfinding hearing on February 26, 2018. On March 1, 2018, the court adjudicated Children as CHINS and entered dispositional orders.

[4] Eight months later, on October 26, 2018, Mother filed a motion to dismiss the CHINS case as to J.S. She argued that dismissal was mandatory because the non-contested CHINS factfinding hearing was conducted outside the 120-day window of Indiana Code Section 31-34-11-1. The DCS filed an objection to the motion to dismiss. On October 29, 2018, the juvenile court conducted a permanency hearing, preceded by argument regarding the motion to dismiss. Considering Mother's motion to have been made "after the fact," Tr. at 8, the juvenile court denied the motion to dismiss. Mother now appeals.

# Discussion and Decision

[5] Indiana Code Section 31-34-11-1 provides in relevant part:

> (a) Except as provided in subsection (b), unless the allegations of a petition have been admitted, the juvenile court *shall* complete a factfinding hearing not more than sixty (60) days after a petition alleging that a child is a child in need of services is filed in accordance with IC 31-34-9.

> (b) The juvenile court may extend the time to complete a factfinding hearing, as described in subsection (a), for an

additional sixty (60) days if all parties in the action consent to the additional time.

(c) * * *

(d) If the factfinding hearing is not held within the time set forth in subsection (a) or (b), upon a motion with the court, the court *shall* dismiss the case without prejudice.

(emphasis added.)

[6] Mother contends – because the factfinding hearing regarding J.S. was conducted more than 120-days after the CHINS petition was filed – she is entitled to dismissal of the CHINS case at any stage of the proceedings. In essence, Mother claims that the juvenile court made an adjudication absent authority and thus its order is void and subject to attack at any time. The DCS responds that Mother does not have an absolute, post-adjudication right to dismissal. An issue of statutory construction presents a question of law, one which we review de novo, owing no deference to the juvenile court's statutory interpretation. *Matter of J.R.*, 98 N.E.3d 652, 654 (Ind. Ct. App. 2018). In interpreting a statute, our goal is to determine and give effect to the intent of our legislature. *State v. Int'l Bus. Mach. Corp.*, 964 N.E.2d 206, 209 (Ind. 2012). We "consider the objects and purposes of the statute as well as the effects and repercussions of" our interpretation. *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003).

[7]     This Court has previously had occasion to decide whether dismissal is appropriate under Indiana Code Section 31-34-11-1(d), in the context of motions to dismiss made prior to the completion of factfinding and the CHINS adjudication. In *Matter of J.R.*, the parents argued that "the juvenile court lacked authority to enter a CHINS finding due to the failure to complete factfinding within sixty days" and this Court agreed. *Id.* Concluding that the timeframe of Indiana Code Section 31-34-11-1 was mandatory, we stated: "there is no longer any reason to believe that the General Assembly intends [the statute] to mean anything other than what its clear language indicates, i.e., that a factfinding hearing *shall* be completed within" the statutorily-mandated timeframe and failure to do so "is grounds for dismissal." *Id.* at 655 (emphasis in original). The Court also observed that "if we were to allow the deadline to be ignored here, trial courts could habitually set these matters outside the time frame and there would be no consequence whatsoever." *Id.*

[8]     Subsequently, in *Matter of T.T.*, 110 N.E.3d 441, 443 (Ind. Ct. App. 2018), a panel of this Court considered and rejected the DCS's arguments that Indiana Code Section 31-34-11-1 had not created "a hard and fast deadline" and that a parent had waived her objection by agreeing to the continuance:

> Contrary to DCS's argument, we believe that the General Assembly clearly intends for the timeframe set forth in Indiana Code section 31-34-11-1 to be a certain deadline. Further, while subsection (a) provides that the parties may waive the initial 60-day deadline by agreeing to a continuance, subsection (b) does not include any such provision. This lack of allowance for an additional extension of time indicates that the General Assembly

intends to require that a factfinding hearing must be completed within 120 days of the filing of a CHINS petition regardless of any act or agreements of the parties. To allow the parties to agree to dates beyond the maximum 120-day limit would thwart the legislative purpose of timely rehabilitation and reunification of families that are subject to CHINS proceedings.

[9] We agree with prior decisions of this Court that the language of Indiana Code Section 31-34-11-1 mandates a fixed deadline for conducting a factfinding hearing, and it provides an enforcement mechanism, that of dismissal.[1] But those decisions involved objections prior to CHINS adjudications and our recognition of a 120-day deadline in which to conduct a factfinding hearing does not end our inquiry here. We look to whether legislative purposes would be served by allowing a post-adjudication motion to dismiss.

[10] "[T]he purpose of a CHINS adjudication is to protect children, not punish parents." *N.L. v. Ind. Dept of Child Servs*, 919 N.E.2d 102, 106 (Ind. 2010). When legislative intent has been ascertained, "it will prevail over the literal import and the strict letter of the statute." *Int'l Bus. Mach. Corp.*, 964 N.E.2d at 209. Here, the protection of a child is of paramount importance.

---

[1] The DCS suggests that a juvenile court retains discretion in some circumstances to schedule a factfinding hearing outside the 120-day timeframe, citing *M.M. v. Indiana Dept. of Child Servs.*, 118 N.E.3d 70 (Ind. Ct. App. 2019). In a footnote in *M.M.*, the Court recognized that "CHINS courts are restricted in the ability to continue fact-finding hearings" but also observed "it was within the trial court's authority, as explained in this opinion, to continue the fact-finding hearing so that it could consider Father's request for custody modification along with the fact finding." *Id.* at 77, n.2. Although a factfinding hearing can be continued beyond 60 days, with the consent of all parties, Indiana Code Section 31-34-11-1 does not incorporate an exception to the 120-day requirement and a juvenile court is not vested with discretion in that regard.

[11] Mother seeks a procedural remedy regardless of the merits of the DCS claim that J.S. needed services unlikely to be provided without the coercive intervention of the court.[2] Mother's unyielding construction of the language of subsection (d) – that a dismissal may be obtained post-adjudication – would, as a practical matter, provide a substitute for an appeal. Mother did not merely acquiesce to a setting of the factfinding hearing outside the statutory framework, as in *Matter of T.T.* Rather, Mother acquiesced in the finding that J.S. is a CHINS, she did not appeal that adjudication, and she now seeks to collaterally attack it. The statute at issue provides a mechanism to obtain a prompt adjudication of a child's status. We readily reject the contention that the timeliness requirement of Indiana Code Section 31-34-11-1 provides grounds for setting aside a CHINS adjudication once it has been entered for the benefit and protection of a child.

[12] As a final matter, the DCS urges that "the timeframes in Indiana Code section 31-34-11-1 should be construed to be in conflict with the Supreme Court's Trial Rule 53.5 'good cause' provision." Appellee's Brief at 20. Generally, when a statute conflicts with a procedural rule enacted by our supreme court, the statute is null and void. *Indiana Univ. Health S. Ind. Physicians, Inc. v. Noel*, 114

---

[2] Indiana Code Section 31-34-1-1 provides that a child is a child in need of services if, before the child becomes eighteen years of age, the child's physical or mental condition is seriously impaired or endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply necessary food, clothing, shelter, medical care, education, or supervision, and the child needs care, treatment, or rehabilitation that the child is not receiving and is unlikely to be provided or accepted without the coercive intervention of the court.

N.E.3d 479, 485 (Ind. Ct. App. 2018).  Incompatibility exists where both the rule and the statute could not apply in a given situation.  *Id.*

[13]  Trial Rule 53.5, pertaining to continuances, provides in relevant part:

> Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence.

[14]  The foregoing rule specifies the grounds upon which a continuance may be obtained, that is, good cause established by affidavit or other evidence.  In some circumstances, our Legislature will set the parameters for application of those grounds, as it has done here.  There is no conflict to support a declaration that the statutory provision at issue is null and void.

# Conclusion

[15]  The dismissal sanction of Indiana Code Section 31-34-11-1(d) for failure to timely conduct a CHINS factfinding hearing is not a mechanism to collaterally attack a CHINS adjudication.  The juvenile court did not err in denying Mother's motion to dismiss.

[16]  Affirmed.

Riley, J., and Pyle, J., concur.