
FILED
Apr 17 2018, 8:50 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Scott A. Norrick
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of: J.R. and M.R., Children in Need of Services, | April 17, 2018 |
| D.R. (Mother) and M.R. (Father), | Court of Appeals Case No. 80A02-1704-JC-806 |
| *Appellants-Respondents*, | Appeal from the Tipton Circuit Court |
| v. | The Hon. Thomas R. Lett, Judge |
| Indiana Department of Child Services, | Trial Court Cause Nos. 80C01-1609-JC-144, 80C01-1609-JC-145 |
| *Appellee-Petitioner*. | |

**Bradford, Judge.**

# Case Summary

[1] Appellants-Respondents D.R. ("Mother") and M.R. ("Father") (collectively, "Parents") appeal from the juvenile court's determination that J.R. and M.R. ("the Children") are children in need of services ("CHINS"). Parents contend that the juvenile court erred in denying their motion to dismiss the CHINS petitions filed by the Appellee-Petitioner the Indiana Department of Child Services ("DCS"), which motion was made on the ground that the fact-finding hearing was not completed within the statutorily-required sixty-day period after the filing of the CHINS petitions. Because we agree with Parents, we reverse the judgment of the juvenile court and remand with instructions to dismiss DCS's CHINS petitions without prejudice.

# Facts and Procedural History

[2] On or about September 23, 2016, Tipton County DCS received a report that Father was abusing Children, their older sibling, and Mother. On September 29, 2016, DCS filed its petitions to have M.R. and J.R. declared to be CHINS. On November 22, 2016, the juvenile court began a factfinding hearing. On November 29, 2016, the juvenile court ordered that the continued factfinding hearing be completed on February 6, 2017. On December 27, 2016, Parents objected to the continuance of the factfinding hearing outside the sixty-day limit imposed by Indiana Code section 31-34-11-1. The juvenile court overruled the objection. On January 11, 2017, Parents moved to dismiss, arguing that the factfinding hearing had not been completed within the required sixty days

following the filing of the CHINS petitions. On February 6, 2017, the juvenile court denied Parents' motion to dismiss and completed the continued factfinding hearing.

[3] On February 23, 2017, the juvenile court issued orders in which it found the Children to be CHINS. On March 14, 2017, the juvenile court entered a dispositional order. On April 10, 2017, Parents filed their notice of appeal from the CHINS determinations. On July 10, 2017, Parents filed a Trial Rule 60(B) motion to set aside the juvenile court's judgment, which motion the juvenile court denied on July 20, 2017. On August 10, 2017, Parents filed their notice of appeal from the juvenile court's denial of their motion for relief from judgment. Parents' two appeals were consolidated by order of this court.

# Discussion and Decision

[4] Parents contend that the juvenile court erred in denying their motion to dismiss the CHINS petitions on the basis that the factfinding hearing was not completed within the required sixty days, the juvenile court lacked authority to enter a CHINS finding due to the failure to complete factfinding within sixty days, and the evidence is insufficient to support the juvenile court's CHINS determination. Because we conclude that Parents' first claim is dispositive, we need not address their others.

# Motion to Dismiss

Parents argue that the juvenile court erred in denying their motion to dismiss pursuant to Indiana Code section 31-34-11-1, which provides, in relevant part, as follows:

> (a)     Except as provided in subsection (b), unless the allegations of a petition have been admitted, the juvenile court *shall* complete a factfinding hearing not more than sixty (60) days after a petition alleging that a child is a child in need of services is filed in accordance with IC 31-34-9.
>
> (b)     The juvenile court may extend the time to complete a factfinding hearing, as described in subsection (a), for an additional sixty (60) days if all parties in the action consent to the additional time.
>
> ….
>
> (d)     If the factfinding hearing is not held within the time set forth in subsection (a) or (b), upon a motion with the court the court *shall* dismiss the case without prejudice.

(Emphases added).

This case turns on interpretation of the above provisions. An issue of statutory construction presents a question of law which is reviewed *de novo* on appeal. *State v. Eichorst*, 957 N.E.2d 1010, 1012 (Ind. Ct. App. 2011), *trans. denied*; *Chrysler Group, LLC v. Review Bd. of the Ind. Dep't. of Workforce Dev.*, 960 N.E.2d 118, 124 (Ind. 2012). Pursuant to this standard of review, this Court owes no deference to the juvenile court's statutory interpretation. *Morgan Cnty. v. Ferguson*, 712 N.E.2d 1038, 1043 (Ind. Ct. App. 1999); *Art Country Squire, L.L.C. v. Inland Mortg. Corp.*, 745 N.E.2d 885, 889 (Ind. Ct. App. 2001).

[7]     In a 2007 case addressing a similar argument made pursuant to the sixty-day limit in a previous version of Indiana Code section 31-34-11-1, we concluded that "'shall' as used in Indiana Code Section[] 31-34-11-1 … [wa]s directory and not mandatory." *Parmeter v. Cass Cnty. Dep't of Child Servs.*, 878 N.E.2d 444, 448 (Ind. Ct. App. 2007). Our holding was based on the principle that "the term 'shall' is directory when the statute fails to specify adverse consequences, the provision does not go to the essence of the statutory purpose, and a mandatory construction would thwart the legislative purpose." *Id.* We noted the lack of specific consequences detailed in statute and that the CHINS statutes "were enacted in part to 'assist[] parents to fulfill their parental obligations' and to 'remove children from families only when it is the child's best interest[.]'" *Id.* (citations omitted). We ultimately concluded that "a mandatory construction [of 'shall'] would thwart those legislative purposes by requiring dismissal of CHINS cases where continuances of the fact-finding or dispositional hearings are needed for legitimate reasons, such as the unavailability of parties or witnesses or the congestion of the court calendar, merely because one party is being a stalwart." *Id.* Be that as it may, we agree with Parents that *Parmeter* has been superseded by legislative revision to Indiana Code section 31-34-11-1 and is no longer good law on this point.

[8]     When *Parmeter* was decided, subsection 31-34-11-1(d) did not yet exist, being added in a 2012 revision. Subsection (d) cures one of the ambiguities of the statute (as identified by *Parmeter*) by spelling out the adverse consequence for failing to complete a factfinding hearing within the sixty-day period. At the

same time, while it is true that "[t]he word 'shall' may be given the meaning of the word 'may' in order to prevent the defeat of the legislative intent[,]" *Wysong v. Auto. Underwriters*, 204 Ind. 493, 504, 184 N.E. 783, 787 (1933), the 2012 revision leaves very little room for doubt regarding legislative intent. Rather than changing "shall" to "may" or adding provisions allowing for continuances for good cause, the General Assembly instead added subsection (d). Simply put, there is no longer any reason to believe that the General Assembly intends Indiana Code section 31-34-11-1 to mean anything other than what its clear language indicates, *i.e.*, that a factfinding hearing *shall* be completed within sixty days of the filing of a CHINS petition and that failure to do so is grounds for dismissal. *Parmeter* is no longer good law on this point, and we conclude that the juvenile court erred in denying Parents' motion to dismiss.

[9] While it may be that in many cases DCS would refile, it is important to note that it would not be able to just simply refile the *same* CHINS petition; it still has to get approval to refile from the juvenile court, and this can only be given after a probable cause determination:

> The juvenile court shall do the following:
>
> (1) Consider the preliminary inquiry and the evidence of probable cause that is contained in the report of the preliminary inquiry or an affidavit of probable cause.
>
> (2) Authorize the filing of a petition if the court finds probable cause to believe that the child is a child in need of services.

Ind. Code § 31-34-9-2.

[10]     We note that "[a] CHINS finding should consider the family's condition not just when the case was filed, but also when it is heard." *In re S.D.*, 2 N.E.3d 1283, 1290 (Ind. 2014). Therefore, should DCS refile, it would not be able to rely solely on the evidence that was admitted at the original CHINS factfinding; it would have to also submit new evidence regarding the conditions at the current time.

[11]     Moreover, if we were to allow the deadline to be ignored here, trial courts could habitually set these matters outside the time frame and there would be no consequence whatsoever. We believe that any change (including the imposition of any more severe consequences) has to come from the General Assembly, and unless/until that occurs, we are bound to apply the statute as written. Consequently, we reverse the judgment of the juvenile court and remand with instructions to dismiss DCS's CHINS petitions without prejudice.

[12]     We reverse the judgment of the juvenile court and remand with instructions.

Baker, J., and Kirsch, J., concur.