

FILED

Oct 10 2018, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Carlos I. Carrillo
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of: T.T. and M.M., Children in Need of Services: | October 10, 2018 |
| | Court of Appeals Case No. 18A-JC-1216 |
| C.Y. (Mother), | Appeal from the Tippecanoe Superior Court |
| *Appellant-Respondent,* | |
| v. | The Honorable Faith A. Graham, Judge |
| | The Honorable Tricia L. Thompson, Magistrate |
| The Indiana Department of Child Services, | Trial Court Cause Nos. 79D03-1708-JC-207 79D03-1708-JC-209 |
| *Appellee-Petitioner.* | |

**Bradford, Judge.**

# Case Summary

C.Y. ("Mother") appeals from the juvenile court's determination that T.T. and M.M. (collectively, "the Children") are children in need of services ("CHINS"). Mother contends that the juvenile court erred in denying her motion to dismiss the CHINS petitions filed by the Indiana Department of Child Services ("DCS"), which motion was made on the ground that the factfinding hearing was not completed within the statutorily-mandated timeframe. Because we agree, we reverse the judgment of the juvenile court and remand with instructions to dismiss the CHINS petitions without prejudice.[1]

# Facts and Procedural History

DCS became involved with the Children after receiving reports that Mother had been arrested following a domestic disturbance involving M.M.'s father. On August 17, 2017, DCS filed petitions alleging the Children to be CHINS. The juvenile court began a factfinding hearing on October 6, 2017. After the parties waived the initial sixty-day time limitation set forth in Indiana Code section 31-34-11-1(a) and consented to an additional sixty days to complete the hearing, the factfinding hearing was continued to November 7, 2017. On November 7,

---

[1] Mother raises numerous alternative contentions, however, because we find her contention relating to the denial of her motion to dismiss to be dispositive, we need not consider these alternative contentions.

2017, the factfinding hearing was continued at DCS's request. The juvenile court rescheduled the factfinding hearing for January 3, 2018.

[3] At the start of the January 3, 2018 hearing, Mother moved to dismiss the proceedings, arguing that the factfinding hearing had not been completed within the statutorily-mandated time following the filing of the CHINS petitions. The juvenile court denied Mother's motion to dismiss and completed the factfinding hearing. On March 7, 2018, the juvenile court found the Children to be CHINS. On April 13, 2018, the juvenile court entered a dispositional order and parental participation decree for M.M. and dismissed T.T.'s case.

# Discussion and Decision

[4] Mother contends that the juvenile court erred in denying her motion to dismiss pursuant to Indiana Code section 31-34-11-1, which provides, in relevant part, as follows:

> (a) Except as provided in subsection (b), unless the allegations of a petition have been admitted, the juvenile court shall complete a factfinding hearing not more than sixty (60) days after a petition alleging that a child is a child in need of services is filed in accordance with IC 31-34-9.
> (b) The juvenile court may extend the time to complete a factfinding hearing, as described in subsection (a), for an additional sixty (60) days if all parties in the action consent to the additional time.
> ****

> (d) If the factfinding hearing is not held within the time set forth in subsection (a) or (b), upon a motion with the court, the court *shall* dismiss the case without prejudice.

(Emphasis added). We recently interpreted this statute, concluding "there is no longer any reason to believe that the General Assembly intends [the statute] to mean anything other than what its clear language indicates, *i.e.*, that a factfinding hearing *shall* be completed within" the statutorily-mandated timeframe and failure to do so "is grounds for dismissal." *Matter of J.R.*, 98 N.E.3d 652, 655 (Ind. Ct. App. 2018) (emphases in original). We further concluded that "if we were to allow the deadline to be ignored here, trial courts could habitually set these matters outside the time frame and there would be no consequence whatsoever." *Id.*

[5] The parties agree that the 120-day deadline for concluding the factfinding hearing was December 17, 2017. DCS argues, however, that dismissal was not necessary because (1) it did not believe that Indiana Code section 31-34-11-1 created "a hard and fast deadline" and (2) Mother waived her objection by agreeing to the continuance. Tr. Vol. II p. 68. Contrary to DCS's argument, we believe that the General Assembly clearly intends for the timeframe set forth in Indiana Code section 31-34-11-1 to be a certain deadline. Further, while subsection (a) provides that the parties may waive the initial 60-day deadline by agreeing to a continuance, subsection (b) does not include any such provision. This lack of allowance for an additional extension of time indicates that the General Assembly intends to require that a factfinding hearing must be

completed within 120 days of the filing of a CHINS petition regardless of any act or agreements of the parties. To allow the parties to agree to dates beyond the maximum 120-day limit would thwart the legislative purpose of timely rehabilitation and reunification of families that are subject to CHINS proceedings. Consequently, we reverse the judgment of the juvenile court and remand with instructions to dismiss the CHINS petitions without prejudice.[2]

[6] We reverse the judgment of the juvenile court and remand with instructions.

Bailey, J., and Mathias, J., concur.

---

[2] Should DCS refile, it "would not be able to rely solely on the evidence that was admitted at the original CHINS factfinding; it would have to also submit new evidence" regarding the current conditions. *See Matter of J.R.*, 98 N.E.3d at 655 (internal quotation omitted). It seems unlikely that DCS would do so, however, given that DCS sought to dismiss the CHINS proceedings for T.T. and DCS Family Case Manager Kourtney Wheeler admitted during the dispositional hearing that she no longer had any concerns about M.M.'s safety and believed that M.M. should be returned to Mother's care.