

FILED

May 15 2019, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Zachary J. Stock, Attorney at Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of M.S.; A Child in Need of Services: A.C. (Mother), *Appellant-Respondent,* v. Indiana Department of Child Services, *Appellee-Petitioner.* | May 15, 2019 Court of Appeals Case No. 18A-JC-2843 Appeal from the Hendricks Superior Court The Honorable Karen M. Love, Judge Trial Court Cause No. 32D03-1711-JC-186 |

**Pyle, Judge.**

## Statement of the Case

[1] A.C. ("Mother") appeals the trial court's order determining that her daughter,

M.S. ("M.S.") was a Child in Need of Services ("CHINS") based on a petition

filed by the Department of Child Services ("DCS"). Mother specifically argues that the trial court erred in denying her motion to dismiss the CHINS case. Mother's motion was made on the ground that the factfinding hearing was not completed within the timeframe statutorily mandated by INDIANA CODE § 31-34-11-1. Concluding that Mother is correct that the hearing was not timely completed, we reverse the trial court's judgment and remand with instructions to dismiss the CHINS case without prejudice.

[2] We reverse and remand with instructions.

## Issue

> Whether the trial court erred in denying Mother's motion to dismiss the CHINS case.

## Facts

[3] M.S. was born in November 2011. In November 2017, DCS filed a petition alleging that M.S. was a CHINS. At the beginning of the December 13, 2017 CHINS factfinding hearing, the trial court pointed out that the hearing had to be concluded "within 120 days of the date of filing." (Tr. Vol. 2 at 25). DCS asked the trial court to continue the hearing, and the trial court pointed out that the hearing had to be completed by March 15. The trial court rescheduled the hearing for February 23, 2018.

[4] In January 2018, Mother filed a request for production of documents from the Danville Police Department. The police department responded to Mother's motion with a motion to quash because the documents related to the

investigation that gave rise to the CHINS petition. The trial court held a hearing on the motions on February 16 and ordered the police department to provide Mother with the requested documents. Also at the hearing, Mother requested a continuance of the February 23 factfinding hearing and asked the parties to waive the one-hundred and twenty (120) day statutory period in which to complete the CHINS hearing that had started in December 2017. The trial court granted the continuance.

[5] The factfinding hearing was completed in April 2018, and the trial court adjudicated M.S. to be a CHINS in October 2018. At the October 2018 dispositional hearing, Mother asked the trial court to dismiss the CHINS case because the factfinding hearing had not been held within one-hundred and twenty days of the filing of the CHINS petition. In support of her request, Mother cited *Matter of T.T.*, 110 N.E.3d 441, 443 (Ind. Ct. App. 2018), which had been decided that month and held that the statutory timeframe set forth in INDIANA CODE § 31-34-11-1 was a "certain deadline." The trial court denied the motion, and Mother now appeals that denial.

# Decision

[6] Mother argues that the trial court erred in denying her motion to dismiss the CHINS case pursuant to INDIANA CODE § 31-34-11-1, which provides, in relevant part as follows:

> (a)     Except as provided in subsection (b), unless the allegations
> of a petition have been admitted, the juvenile court shall
> complete a factfinding hearing not more than sixty (60) days after

a petition alleging that a child is a child in need of services is filed in accordance with Ind. Code § 31-34-9.

(b)     The juvenile court may extend the time to complete a factfinding hearing, as described in subsection (a), for an additional sixty (60) days if all parties in the action consent to the additional time.

*     *     *     *     *

(d)     If the factfinding hearing is not held within the time set forth in subsection (a) or (b), upon a motion with the court, the court *shall* dismiss the case without prejudice.

(Emphasis added).  In *Matter of J.R.*, 98 N.E.3d 652, 655 (Ind. Ct. App. 2018), we interpreted this statute and concluded that there was "no longer any reason to believe that the General Assembly intend[ed] [the statute] to mean anything other than what its clear language indicate[d], *i.e.*, that a factfinding hearing *shall* be completed within" the statutorily mandated timeframe and failure to do so was "grounds for dismissal."  (Emphasis added).  We further concluded that "if we were to allow the deadline to be ignored here, trial courts could habitually set these matters outside the time frame and there would be no consequence whatsoever." *Id.*

[7]     DCS argues, however, that a dismissal was not necessary in this case because Mother had requested the February 23 continuance and had asked the parties to waive the statutory timeframe.  We addressed this argument in *Matter of T.T.*, 110 N.E.3d at 443, the case cited by Mother in her motion to dismiss.  Therein,

we explained that although subsection (a) provided that the parties could waive the initial sixty (60) day deadline by agreeing to a continuance, subsection (b) did not include any such provision. *Id.* We further explained as follows:

> This lack of allowance for an additional extension of time indicate[d] that the General Assembly intend[ed] to require that a factfinding hearing [had to] be completed within 120 days of the filing of a CHINS petition regardless of any act or agreements of the parties. To allow the parties to agree to dates beyond the maximum 120-day limit would thwart the legislative purpose of timely rehabilitation and reunification of families that are subject to CHINS proceedings.

*Id.* We therefore reversed the trial court's judgment and remanded with instructions to dismiss the CHINS case without prejudice. We also pointed out that, as explained in *Matter of J.R.*, 98 N.E.3d at 655, should DCS refile the CHINS petition, it "would not be able to rely solely on the evidence that was admitted at the original CHINS factfinding; it would have to also submit new evidence" regarding the current conditions.

[8]     Here, as in *Matter of T.T.*, we reverse the trial court's denial of Mother's motion to dismiss and remand to the trial court with instructions to dismiss the CHINS case without prejudice.[1] In addition, if DCS refiles the petition, it will also have

---

[1] We note that another panel of this Court stated in a footnote in *A.M. v. Indiana Dep't of Child Servs.,* 118 N.E.3d 70, 77 n.2 (Ind. Ct. App. 2019) that in certain circumstances, it is within the trial court's authority to continue the factfinding hearing beyond the statutory limit of 120 days. However, the statute includes no such exception, and we decline to find one. The legislature could have included such an exception had it chosen to do so.

to submit new evidence regarding current conditions.

Reversed and remanded with instructions.

Riley, J., and Bailey, J., concur.