


FILED

Feb 20 2020, 12:08 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N   T H E

# Indiana Supreme Court

Supreme Court Case No. 19S-JC-505

## In the Matter of M.S. (Minor Child in Need of Services); A.C. (Mother)
*Appellant,*

–v–

## Indiana Department of Child Services
*Appellee.*

Argued: October 15, 2019 | Decided: February 20, 2020

Appeal from the Hendricks Superior Court
No. 32D03-1711-JC-186
The Honorable Karen M. Love, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 18A-JC-2843

**Opinion by Justice David**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**David, Justice.**

Indiana law provides that a trial court must dismiss a petition alleging a child is in need of services if the court does not conclude a factfinding hearing within 120 days of the filing of the petition by the State. Ind. Code § 31-34-11-1(d). Indiana Rules of Trial Procedure, however, allow a party to move for a continuance if that party can show "good cause" for why a continuance is necessary in a particular case. Ind. Trial Rule 53.5. The issue presented in this case is whether the legislature's 120-day constraint on a CHINS proceeding may be enlarged under our trial rules if a party to the proceeding—in this case the Mother—moves for a good faith continuance that results in the conclusion of factfinding beyond the codified 120-day limit. Finding that this time period may be extended only for good cause, we affirm the trial court's denial of Mother's motion to dismiss the CHINS petition.

## Facts and Procedural History

On November 12, 2017, the Department of Child Services (DCS) received reports alleging several children, including M.S., were victims of neglect. The allegations stemmed from an incident in which one child received a critical injury that ultimately resulted in that child's death. M.S. was removed from the care of her mother, A.C., and placed with her maternal grandmother. On November 14, 2017,[1] DCS filed a verified petition alleging M.S. was a child in need of services (CHINS) under Indiana Code section 31-34-1-1. The initial hearing on the CHINS petition took place that same day.

A factfinding hearing was held on December 13, 2017. At the hearing, both parents waived the requirement that factfinding be concluded within sixty days of the date the petition was filed and the matter was continued

---

[1] Under Indiana Code section 31-34-11-1(a), an initial sixty-day time period begins to run "after a petition alleging that a child is in need of services is filed…" The sixty-day time period in this case was set to elapse in mid-January 2018, and the allowable sixty-day extension under subsection (b) of the same statute was set to expire on March 15, 2018.

to February 23, 2018. In the meantime, Mother requested production of documents from the Danville Police Department relating to the investigation of the death of Mother's child. The Department moved to quash Mother's subpoena duces tecum and the matter was set for a hearing on February 16, 2018. At the hearing, Mother requested a continuance to resolve the discovery dispute, but the trial court expressed uncertainty over whether it could extend the factfinding hearings beyond the statutory 120-day deadline. Still, all parties agreed to waive the deadline and the trial court continued the factfinding hearing and ordered limited discovery of documents possessed by the Danville Police Department.

A full factfinding hearing was held on March 16, 2018. At the hearing, Mother submitted over 2,000 video recordings into evidence—each lasting about two minutes in length. The trial court granted Mother an additional seven days to identify which of the videos were most relevant to the CHINS petition. On April 10, Mother moved for an extension of time so she could continue her review of the recordings.

Factfinding concluded on April 17, 2018, but the final order adjudicating M.S. as a CHINS was not issued until October 8, 2018. In the intervening time, Mother requested judgment be entered immediately because M.S. was still placed outside of Mother's care. At the dispositional hearing on October 31, 2018, Mother requested that the matter be dismissed in light of recent caselaw from our Court of Appeals regarding formal deadlines for CHINS actions. The trial court entered a dispositional order on November 2, 2018, which denied Mother's oral motion to dismiss and ordered continued placement of the child with the maternal grandmother. After the court's order was issued, Mother renewed her motion to dismiss on grounds that factfinding was not completed within the statutorily imposed 120-day limit. The trial court denied the motion and Mother appealed.

In a unanimous decision, the Court of Appeals reversed and remanded the matter with instructions to dismiss the case without prejudice. *Matter of M.S.*, 124 N.E.3d 1234, 1237 (Ind. Ct. App. 2019). In its opinion, the court relied on the plain language of Indiana Code section 31-34-11-1 and its

prior decision in *Matter of T.T.*, 110 N.E.3d 441 (Ind. Ct. App. 2018), to conclude that the General Assembly clearly intended that a factfinding hearing in a CHINS proceeding must be completed—without exception—within the 120-day timeframe set forth by statute. *Id*. at 1236.

DCS petitioned for transfer, which we granted, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Matters of statutory interpretation present pure questions of law and are thus reviewed *de novo*. *In re Adoption of B.C.H.*, 22 N.E.3d 580, 584 (Ind. 2014) (citing *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010)). We "presume[] that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Rodriguez v. State*, 129 N.E.3d 789, 793 (Ind. 2019) (citing *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010)).

## Discussion and Decision

We are asked to consider whether a party to a CHINS proceeding may move for a continuance that places the action outside of the legislatively prescribed timeframe and then seek dismissal because the codified deadline has expired. Here, Mother moved for a continuance, albeit for good cause, to resolve a discovery dispute and sort through more than 2,000 different video recordings. In her motion to dismiss, however, Mother argued that the statute is clear:  CHINS proceedings **must** be dismissed if factfinding is not concluded within the prescribed time limit. On the other side of this dispute, DCS argues that such a rigid interpretation would lead to a Catch-22. Stated differently, DCS believes the trial court faced two choices:  either rush through the case without important evidence or allow the parties to build their case and risk dismissal for failure to complete the hearing within the statutory timeframe.

We begin our analysis with the statute governing the amount of time a court may take to complete a factfinding hearing in a CHINS case. In relevant part, Indiana Code section 31-34-11-1 provides:

> (a) Except as provided in subsection (b), unless the allegations of a petition have been admitted, the juvenile court shall complete a factfinding hearing not more than sixty (60) days after a petition alleging that a child is a child in need of services is filed in accordance with IC 31-34-9.
>
> (b) The juvenile court may extend the time to complete a factfinding hearing, as described in subsection (a), for an additional sixty (60) days if all parties in the action consent to the additional time.
>
> …
>
> (d) If the factfinding hearing is not held within the time set forth in subsection (a) or (b), upon a motion with the court, the court shall dismiss the case without prejudice.

While our Court has previously weighed in on other aspects of this provision, *see, e.g., In re K.D.*, 962 N.E.2d 1249 (Ind. 2012) (discussing the requirement to hold a factfinding hearing under Indiana Code section 31-34-11-1 when one parent admits the allegations of a CHINS petition and the other parent denies the allegations), we have not yet had the opportunity to review the statute's procedural timeline. Our Court of Appeals, however, has decided several cases that turn on the meaning of this statute.

One such case is *Matter of J.R.*, 98 N.E.3d 652 (Ind. Ct. App. 2018), *trans. not sought*. Over the parents' objection, the trial court in *Matter of J.R.* continued a CHINS case to a date outside of the sixty-day limit imposed in subsection (a) of the statute. The child was adjudicated as a CHINS and the parents appealed, arguing that the trial court erred in denying their motion to dismiss. The Court of Appeals reversed, finding:

> [T]here is no longer any reason to believe that the General Assembly intends Indiana Code section 31-34-11-1 to mean anything other than what its clear language indicates, *i.e.* that a factfinding hearing *shall* be completed within sixty days of the filing of a CHINS petition and that the failure to do so is grounds for dismissal. [2]

*Id.* at 655 (emphasis in original). Further, the court noted, "if we were to allow the deadline to be ignored here, trial courts could habitually set these matters outside the time frame and there would be no consequence whatsoever." *Id.*

This statute was again interpreted in *Matter of T.T.*, 110 N.E.3d 441, 443 (Ind. Ct. App. 2018), *trans. not sought*. In that case, the mother acquiesced to DCS's motion to continue a CHINS action outside of the 120-day window. Once beyond 120 days, the mother moved to dismiss on grounds that the factfinding hearing had not been completed within the statutory timeframe. The trial court denied the motion, but the Court of Appeals reversed, finding that the General Assembly clearly intended the 120-day period to be a hard deadline. *Id.* Further, the court found that although the statute allowed for waiver of the sixty-day deadline, no such provision enabled waiver of the 120-day deadline. *Id.* Thus, the court held, "[t]o allow the parties to agree to dates beyond the maximum 120-day limit would thwart the legislative purpose of timely rehabilitation and reunification of families that are subject to CHINS proceedings." *Id.*

These cases are instructive though not controlling. We agree, for example, that the sixty-day deadline may be waived with the consent of both parties for any reason. *See Matter of J.R.*, 98 N.E.3d at 655. Further, we

---

[2] We note that the Court of Appeals in its *Matter of J.R.* decision expressly found that *Parmeter v. Cass Cnty. Dep't of Child Servs.*, 878 N.E.2d 444, 448 (Ind. Ct. App. 2007), a case that interpreted a prior version of Indiana Code section 31-34-11-1, was no longer good law given the General Assembly's then-recent amendments to the statute. 98 N.E.3d at 655. In *Parmeter*, the Court of Appeals interpreted the word "shall" within the statute as directory rather than mandatory. 878 N.E.2d at 448. In 2012, the General Assembly added subsection (d) to the existing statute as provided *supra*. See 2012 Ind. Acts 889.

accept that the General Assembly has made CHINS actions a priority by placing time constraints on these proceedings and has provided a mechanism for dismissal if the requirements are not met. *See Matter of T.T.*, 110 N.E.3d at 443. However, we do not think that the trial court acted contrary to law in denying Mother's motion to dismiss for several reasons—each interrelated.

First, both *Matter of J.R.* and *Matter of T.T.* present different circumstances from the present action. In *Matter of J.R.*, both parents timely objected to the extension of the factfinding deadline beyond the initial sixty days and moved to dismiss before the final hearing was held. Here, Mother moved for a continuance that would set a factfinding hearing outside of the statutory deadline and moved for dismissal once outside the timeframe. Similarly, the facts set forth in *Matter of T.T.* gave no reason for DCS's request for continuance: the mother in that case simply acquiesced. Here, however, Mother moved for a continuance for a good reason. That is, she was in a discovery dispute with a third party and needed access to records that were directly related to her ability to provide a safe home environment for her child. In pursuing this evidence, Mother also explicitly waived both the sixty and 120-day periods.

Second, it bears repeating that CHINS proceedings are civil in nature. *Matter of Eq.W.*, 124 N.E.3d 1201, 1209 (Ind. 2019) (citing *In re K.D.*, 962 N.E.2d at 1253). For its part, the General Assembly has codified significant procedural and substantive provisions outlining the purposes and procedures of CHINS proceedings. *See id*. at 1209-10; Ind. Code art. 31-34. In addition to codified law, all parties to a CHINS proceeding are subject to the Indiana Rules of Trial Procedure. Ind. Code § 31-34-9-7. But "to the extent a statute is at odds with our [Rules of Trial Procedure], the rule governs" on matters of procedure. *Garner v. Kempf*, 93 N.E.3d 1091, 1099 (Ind. 2018) (citation omitted). To be at odds or "in conflict…, it is not necessary that the statutory rule be in direct opposition to our rule, so that but one could stand per se." *State v. Bridenhager*, 257 Ind. 699, 704, 279 N.E.2d 794, 796 (1972). "The rule and the statute need only be incompatible to the extent that both could not apply in a given situation." *Bowyer v. Ind. Dept. of Nat. Res.*, 798 N.E.2d 912, 917 (Ind. 2003).

We think that here, Indiana Code section 31-34-11-1 is procedural because it includes mechanisms for extending the time by which factfinding hearings should be completed in CHINS proceedings. *See generally State ex rel. Gaston v. Gibson Circuit Court*, 462 N.E.2d 1049, 1051 (Ind. 1984) (finding a statute that provided parties with the procedural mechanism and timeframe to request a change of judge was procedural in nature). While section 31-34-11-1 provides a hard 120-day deadline, Rule 53.5 provides, "Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence." Thus, both the statute and Trial Rule 53.5 could not apply in the present situation because one mandates dismissal and the other allows for good cause extension of the timeframe.

Because our trial rules trump statutes on matters of procedure, Rule 53.5 allows extension of the 120-day deadline in Indiana Code section 31-34-11-1(b) provided a party can show "good cause." Where, as here, the circumstances dictate good cause for a continuance, Trial Rule 53.5 controls and a trial court has discretion to grant a continuance without the risk of mandatory dismissal for failure to complete the factfinding hearing within 120 days.

Allowing a "good cause" continuance beyond the 120-day deadline not only provides fairness for the parties involved but also allows the legislature's intent to "prevail[] over the strict literal meaning of any word or term." *State v. Int'l Bus. Mach. Corp.*, 964 N.E.2d 206, 209 (Ind. 2012) (*quoting Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003)). *See also Matter of J.S.*, 130 N.E.3d 109, 113 (Ind. Ct. App. 2019) (same). We have consistently observed the principle that "the purpose of a CHINS adjudication is to protect children, not punish parents." *Matter of Eq.W.*, 124 N.E.3d at 1209 (quoting *In re K.D.*, 962 N.E.2d at 1258). Accordingly, trial courts are afforded considerable discretion in ruling on motions for continuances, including determining whether the moving parties have shown good cause for requesting a continuance. *See F.M. v. N.B*, 979 N.E.2d 1036, 1039-40 (Ind. Ct. App. 2012) (finding a trial court abuses its discretion in denying a request for a continuance if good cause has been shown). There are no "mechanical tests" for determining whether a

request for a continuance was made for good cause. *See Blackford v. Boone County Area Plan Com'n*, 43 N.E.3d 655, 664 (Ind. Ct. App. 2015). Rather, the decision to grant or deny a continuance turns on the circumstances present in a particular case, *id.*, and the circumstances of this particular case justified the trial court's decision. [3]

Here, the trial court did not abuse its discretion when it granted Mother's request for a continuance. Mother showed good cause when requesting additional time to resolve her discovery dispute with the Danville Police Department and sift through over 4,000 minutes of video evidence. Because Mother showed good cause, the trial court did not err in denying Mother's motion to dismiss the action after the 120-day period expired. While we are mindful of the importance of the statutory deadline imposed by the General Assembly, the facts of this case justify the trial court's action in continuing the case beyond the prescribed timeframe.

In light of these observations, we hold that Trial Rule 53.5 allows a party to move for a good cause continuance under Indiana Code section 31-34-11-1(b). Unlike subsection (a) of the same statute which allows an extension of time by agreement of the parties for any reason, a party seeking to extend a CHINS action beyond 120 days **must** show good cause. Given the General Assembly's signal that these cases should be completed within a certain deadline, we expect that cases like the present one will be few and far between. However, Trial Rule 53.5 gives trial courts the necessary flexibility to ensure fairness in these types of proceedings and effectuate legislative intent.

---

[3] We urge our trial courts to carefully consider whether parties have truly shown good cause for an extension of time. This may, at minimum, require a hearing to determine whether good cause has been shown. But to create a clean record, we urge trial courts to make a finding, on the record, that good cause has been shown for an extension of time. *See James v. State*, 716 N.E.2d 935, 941 (Ind. 1999) (emphasizing the importance of making a record for appellate review).

# Conclusion

We hold today that, unlike the sixty-day deadline imposed by Indiana Code section 31-34-11-1(a) that may be waived by consent of the parties, the 120-day deadline contemplated by subsection 31-34-11-1(b) may be enlarged only if a party shows good cause for a continuance. Because Mother showed good cause for a continuance, the trial court did not err when it denied Mother's motion to dismiss the pending CHINS action after the 120-day deadline expired. Therefore, the judgment of the trial court is affirmed.[4]

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANT
Zachary J. Stock
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

---

[4] Mother informed this Court that permanency for M.S. has been achieved through successful reunification with Mother and urges that this issue is moot. An issue is moot "when no effective relief can be rendered to the parties before the court." *Matter of Lawrence*, 579 N.E.2d 32, 37 (Ind. 1991). CHINS adjudications, however, have legal implications that continue beyond a particular proceeding such that they may be relevant in future CHINS proceedings. *See Matter of Eq.W.*, 124 N.E.3d at 1211. Therefore, we decline Mother's invitation to declare this issue moot.