



FILED

Apr 01 2020, 11:59 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

I N   T H E

# Indiana Supreme Court

Supreme Court Case No. 20S-JT-235

## In the Matter of J.C. and R.C. (Minor Children); B.C. (Mother),
*Appellant (Respondent below),*

–v–

## Indiana Department of Child Services,
*Appellee (Petitioner below),*
and

## Child Advocates, Inc.,
*Appellee (Guardian ad Litem below).*

---

Decided: April 1, 2020

Appeal from the Marion Superior Court, Nos. 49D09-1803-JT-347 and -348
The Honorable Marilyn A. Moores, Judge
The Honorable Scott B. Stowers, Magistrate

On Petition to Transfer from the Indiana Court of Appeals
No. 19A-JT-350

---

**Per Curiam Opinion**

Chief Justice Rush and Justices David, Massa, Slaughter, and Goff concur.

**Per curiam.**

We agree with the Court of Appeals that a parent is not entitled to dismissal of a termination-of-parental-rights ("TPR") petition due to the juvenile court's failure to complete a hearing within the statutorily required 180 days, where the parent affirmatively waived that requirement, thus inviting the alleged error for which she seeks dismissal. Accordingly, we affirm.

# Facts and Procedural Background

B.C. ("Mother") is the biological mother of two children, J.C. and R.C. The Indiana Department of Child Services ("DCS") filed petitions to terminate Mother's parental rights regarding the children in March 2018. The evidentiary hearing on the petitions was completed on November 26, 2018, more than 180 days after the petitions were filed. In January 2019, the court entered findings of fact and conclusions of law terminating Mother's parental rights.

On appeal, Mother presents three issues, which the Court of Appeals numbered as follows: Issue 1, whether the juvenile court erred in denying Mother's motion to dismiss when the evidentiary hearing was not completed within 180 days after filing of the petitions; Issue 2, whether the court abused its discretion by admitting as evidence reports showing the results of her drug screens; and Issue 3, whether sufficient evidence supports the TPR judgment. Appellant's Br. at 5. The Court of Appeals addressed each issue, found no reversible error, and affirmed. *In re J.C.*, 134 N.E.3d 419 (Ind. Ct. App. 2019).

We grant Mother's transfer petition to address Issue 1 only. We summarily affirm parts of the Court of Appeals' opinion regarding Issues 2 and 3. *See* Ind. Appellate Rule 58(A).

# Discussion

A timely hearing on a TPR petition is required by statute. Matters of statutory interpretation present pure questions of law, which an appellate

court reviews de novo. *Rodriguez v. State*, 129 N.E.3d 789, 793 (Ind. 2019). We presume that the Legislature intends for statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id*.

The statute for hearings in TPR cases provides,

> (a) [With an exception not alleged to apply here], the person filing the petition shall request the court to set the petition for a hearing. Whenever a hearing is requested under this chapter, **the court shall**:

> (1) commence a hearing on the petition not more than ninety (90) days after a petition is filed under this chapter; and

> (2) **complete a hearing on the petition not more than one hundred eighty (180) days after a petition is filed under this chapter**.

> (b) If a hearing is not held within the time set forth in subsection (a), upon filing a motion with the court by a party, the court shall dismiss the petition to terminate the parent-child relationship without prejudice.

Ind. Code § 31-35-2-6 (emphasis added).

Mother presents Issue 1 as "[w]hether the juvenile court erred in denying Mother's motion to dismiss when the termination hearing was not completed within 180 days of the filing of the termination petitions[.]" Appellant's Br. at 5. She argues that "Indiana statutory law requires dismissal of a TPR case if a hearing on a TPR petition is not completed by one hundred eighty (180) days after the filing of the termination petition" and "[t]he juvenile court erred by not dismissing the TPR proceeding since the proceeding did not conclude within the statutorily mandated one hundred eighty days." *Id.* at 21, 24.

The hearing was completed more than 180 days after the filing of the TPR petitions. The record shows that at a pre-trial conference on June 25, 2018, the court scheduled the hearing for half-day sessions on September 26 and October 10, 2018, without objection by Mother's counsel. The order summarizing the June 25 conference found, "**Parties waive the 180 day requirement.**" Appellant's App. Vol. 2 at 75 (emphasis added).

When the hearing began on September 26, Mother did not object. After DCS presented some evidence, Mother's counsel asked that the hearing be adjourned. Tr. Vol. 2 at 40. The court granted Mother's request and, after assessing how many witnesses were left, adjourned the hearing until October 10 and also reserved part of October 11 for the hearing. *Id*. at 42. The hearing resumed on October 10 but was not completed that day. The court determined there were more witnesses left, so it adjourned the hearing to the next day, October 11, again without objection. *Id.* at 160.

When the hearing resumed on October 11, however, Mother orally moved to dismiss, arguing the court failed to conclude the hearing within the statutory 180-day period. *Id*. at 162.[1] The court denied that motion. At the conclusion of the October 11 hearing, DCS rested. The court determined Mother still had witnesses to present. Mother's counsel told the court, "Judge, we don't have any objection to setting it for another day. I would ask that we just continue the rest of the matter." *Id*. at 212. After discussing availability, the court set the continued hearing for November 26, 2018. On October 18, Mother filed a motion to reconsider the denial of her oral motion to dismiss, but the court denied the motion to reconsider. The hearing concluded on November 26.

---

[1] To the extent Mother's transfer petition invites consideration whether she was denied the right to a hearing within 90 days under I.C. § 31-35-2-6(a)(1), that issue is waived. It was not raised in Mother's oral motion to dismiss on October 11, 2018. *See* Tr. Vol. 2 at 162. Nor does it appear in her Statement of the Issues or Summary of the Argument in her brief of appellant, which refer only to the 180-day period. The topic sentence for the relevant part of her Argument refers only to the 180-day period, and the internal summary in that part of the Argument refers only to the 180-day period. *See* Appellant's Br. at 5, 21, 24, & 28; *see also* Ind. Appellate Rule 46(A)(4), (7), & (8).

Mother invited the Court of Appeals to follow language in two child-in-need-of-services ("CHINS") cases which Mother cites for the proposition that statutory time limits are strict and mandatory and cannot be waived: *In re J.R.*, 98 N.E.3d 652 (Ind. Ct. App. 2018), *trans. not sought*; and *In re T.T.*, 110 N.E.3d 441 (Ind. Ct. App. 2018), *trans. not sought*. Both addressed the statute governing CHINS hearings. It provides the juvenile court shall complete a factfinding hearing within 60 days after the CHINS petition is filed, though the court may extend the time to complete the hearing for an additional 60 days if all parties consent to the additional time; it also provides that if the hearing is not held within those times, the court, on motion, "shall dismiss" the case without prejudice. I.C. § 31-34-11-1.

Specifically, *J.R.* held that a juvenile court erred by not granting the parents' motion to dismiss a CHINS case where the hearing was not completed within 60 days and the parties had not agreed to extend that period. *J.R.* reasoned that the statutory term "shall" is mandatory. 98 N.E.3d at 655. And, it added, "if we were to allow the deadline to be ignored here, trial courts could habitually set these matters outside the time frame and there would be no consequence whatsoever[.]" *Id.*

Citing and extending *J.R.*, the Court of Appeals in *T.T.* held that a juvenile court erred by not granting the parent's motion to dismiss where the hearing was not completed within 120 days of the CHINS petition's filing. *T.T.* stated,

> This lack of allowance for an additional extension of time indicates that the General Assembly intends to require that a factfinding hearing must be completed within 120 days of the filing of a CHINS petition regardless of any act or agreements of the parties. To allow the parties to agree to dates beyond the maximum 120-day limit would thwart the legislative purpose of timely rehabilitation and reunification of families that are subject to CHINS proceedings.

110 N.E.3d at 443.[2]

The Court of Appeals held in Mother's case that *J.R.* and *T.T.* do not control because they applied the statute for CHINS hearings, not the statute for TPR hearings. *In re J.C.*, 134 N.E.3d at 428. "More importantly," it continued, "Mother not only failed to object to the setting of the hearing outside the statutory timeframe, **she affirmatively waived the deadline on the record**." *Id.* (emphasis added). Thus, it continued,

> To permit Mother, after having affirmatively waived the 180-day deadline, to seek dismissal based on the trial court's failure to complete the hearing within 180 days would effectively allow her to "sandbag" the trial court. This would allow a parent to take advantage of invited error. . . . Although we do not suggest that Mother engaged in such "sandbagging" here, the result is the same: she waived the statutory deadline, then sought dismissal after the court acted on her waiver. Under such circumstances, Mother cannot complain that the hearing was held outside the statutory timeframe.

*Id*. (citations and paragraph break omitted).

We disagree with the first part of the Court of Appeals' analysis to the extent it suggests that because CHINS cases and TPR cases are governed by different statutes, appellate opinions decided under the CHINS statute are *ipso facto* inapplicable in deciding TPR cases, including issues related to deadlines for hearings. Given the statutes' similarity, opinions decided under one statute should inform a court when applying the other, as the following analysis shows.

---

[2] Mother also cites *In re M.S.*, 124 N.E.3d 1234 (Ind. Ct. App. 2019), which relied on the above-quoted language from *J.R.* and *T.T.* and held a juvenile court erred in denying a parent's motion to dismiss a CHINS case even though she had requested the continuance that resulted in the hearing being set beyond the 120-day time period and all parties agreed to waive the 120-day deadline. That opinion, though, was vacated by the grant of transfer. *See In re M.S.*, 140 N.E.3d 279 (Ind. 2020).

*J.R.* and *T.T.* are easily distinguished from Mother's case. In *J.R.*, "both parents timely objected to the extension of the factfinding deadline beyond the initial sixty days and moved to dismiss before the final hearing was held." *In re M.S.*, 140 N.E.3d 279, 283-84 (Ind. 2020). That is not the case with Mother, who affirmatively waived the 180-day requirement and did not object until after the hearing was well under way. And the facts set forth in *T.T.* "gave no reason for DCS's request for continuance: the mother in that case simply acquiesced." *Id*. at 284. In the present case, Mother did not simply acquiesce; she affirmatively waived the 180-day requirement. *Accord id*. (noting the parent in *M.S.* "moved for a continuance for a good reason" and "also explicitly waived both the sixty and 120-day periods.").

Moreover, in light of our opinion in *M.S.*, *J.R.* and *T.T.* might be argued and resolved differently if decided today. In *M.S.*, we held that despite the deadlines in the CHINS statute, Indiana Trial Rule 53.5 allows a court, for good cause shown, to continue a hearing *beyond* those deadlines. *Id*. at 284-85. Neither *J.R.* nor *T.T.* examined whether good cause existed for continuing the hearing beyond the statutory deadline.

Further, we agree with the Court of Appeals that relief is not available to Mother, who affirmatively waived the 180-day statutory timeframe and thus invited any alleged error. The invited-error doctrine is based on the doctrine of estoppel and forbids a party from taking advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct. *Durden v. State*, 99 N.E.3d 645, 651 (Ind. 2018). Where a party invites the error, she cannot take advantage of that error. *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 134 (Ind. 2005). In short, invited error is not reversible error. *Booher v. State*, 773 N.E.2d 814, 822 (Ind. 2002); *C.T. v. Marion Cty. Dep't of Child Servs.*, 896 N.E.2d 571, 588 (Ind. Ct. App. 2008), *trans. denied*.

Mother acknowledges she "affirmatively waived the 180-day requirement[.]" Trans. Pet. at 7. Having affirmatively waived that requirement and invited the court to conduct the hearing without regard to it, Mother cannot later successfully invoke it as a basis for reversal. *Accord In re N.C.*, 83 N.E.3d 1265, 1267 (Ind. Ct. App. 2017) (finding a

parent in a TPR case could be afforded no relief on appeal where, when the hearing was being scheduled, the court reporter proposed a hearing date 222 days after the petition's filing and the parent's counsel responded, "That sounds good."), *trans. not sought*. Mother contends that "to allow the parties to agree to dates beyond the maximum 180-day limit would thwart the goals of timely permanency for children in the best possible environment, judicial economy, parents' constitutional rights, and closure for all parties." Appellant's Br. at 28. Yet Mother presents this argument only after having invited any error.

## Conclusion

The judgment of the trial court is affirmed for the reasons stated above.

Rush, C.J., and David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT
Valerie K. Boots
Matthew D. Anglemeyer
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE INDIANA DEPARTMENT OF CHILD SERVICES
Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE CHILD ADVOCATES, INC.
DeDe K. Connor
Indianapolis, Indiana